**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Wilkens F.,

Petitioner,

v.

Todd Blanche, *Acting Attorney General of the United States*; Markwayne Mullin, *Secretary of the Department of Homeland Security*; David J. Venturella, *Acting Director of United States Immigration and Customs Enforcement*; David Easterwood, *Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*; Marcos Charles, *Acting Executive Associate Director, U.S. Immigration and Customs Enforcement*; Tom Kessler, *Appleton Detention Facility Warden*,

Respondents.

File No. 26-CV-4824 (JMB/DTS)

**ORDER**

---

Evangeline Dhawan-Maloney, Santana Dhawan, PLLC, Edina, MN, for Petitioner Wilkens F.

Derek Ganzhorn, United States Attorney's Office, Minneapolis, MN, for Respondents Todd Blanche, Markwayne Mullin, David J. Venturella, David Easterwood, Marcos Charles, and Tom Kessler.

---

This matter is before the Court on Petitioner Wilkens F.'s[1] Petition for Writ of

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

Habeas Corpus (Petition) under 28 U.S.C. § 2241 (Doc. No. 1 [hereinafter, "Pet."]), which names Todd Blanche, Markwayne Mullin, David J. Venturella, David Easterwood, Marcos Charles, and Tom Kessler as Respondents. (*Id.*) For the reasons explained below, the Court grants the Petition.

## FINDINGS OF FACT

1. Wilkens F. is a 32-year-old native and citizen of Haiti. (Doc. No. 7-1 at 1.)

2. On June 12, 2021, Wilkens F. entered the United States near Del Rio, Texas. (Pet. ¶ 20.)

3. On July 6, 2021, ICE issued Wilkens F. a Notice To Appear (NTA) for removal proceedings before immigration officials in North Dakota. (*Id.* ¶ 21.)

4. On the same day that ICE served the NTA, ICE released Wilkens F. under an order[2] that required Wilkens F. to make in-person check-ins with ICE on a periodic basis. (*Id.* ¶ 22.)

5. On September 15, 2022, the removal proceedings were administratively closed. (*Id.* ¶ 32; Doc. No. 1-7 at 2–3.) There is no evidence in the record to indicate that Respondents moved to re-calendar the removal proceedings prior to taking Wilkens F. into

[2] The Record does not include this order, despite the Courts request that Respondents provide "any and all prior notices or orders of release or supervision that have ever been issued relating to Petitioner's detention or release, or, if none exist, then a statement to that effect." (Doc. No. 3.) While the Petition states that Respondents "released [Wilkens F.] on his own recognizance under an Order of Supervision" and refers to being "supervised" (Pet. ¶¶ 1, 3, 38, 43, 48, 54, 61; Doc. No. 1-3), the only evidence regarding whether Respondents issued an Order of Supervision (OSUP) or an Order of Release on Recognizance (OREC) is an exhibit listing the appointments that Wilkens F. attended under the heading "OREC/OSUP Check In Sheet" (Doc. No. 1-3). The Court cannot determine whether Wilkens F. was released pursuant to an OSUP or an OREC.

custody. Thus, the Court finds that the removal proceedings were not ongoing on November 4, 2026.

6. Wilkens F. reported to every appointment and check-in without any missed appearances. (Pet. ¶ 23.)

7. Wilkens F. was formerly married to a U.S. citizen. The two have a daughter who is also a U.S. citizen. (*See* Doc. No. 7-1 at 1.) On April 22, 2024, Wilkens F. filed a Form I-360 with the U.S. Citizenship and Immigration Services (USCIS),[3] Petition for Amerasian, Widow(er), or Special Immigrant, as a VAWA self-petitioning spouse of an abusive U.S. citizen under 8 U.S.C. § 1154(a)(1)(A)(iii). (Pet. ¶ 27.)

8. On the same day as Wilkens F. filed his Form I-360, he also filed a Form I-485, Application to Register Permanent Residence or Adjust Status as a VAWA petitioner. (*Id.* ¶ 28.)

9. One June 24, 2024, USCIS found that Wilkens F. established a prima facie case for being classified under the provisions of his Form I-360 petition while he awaits a final decision. (*Id.* ¶ 29.) His Form I-360 and I-485 petitions remain pending. (*Id.*)

10. On October 10, 2024, USCIS issued Wilkens F. an Employment Authorization Document that is valid through October 9, 2029. (*Id.* ¶ 30.)

11. Wilkens F. has a criminal history that primarily includes motor vehicle-

[3] Like Immigration and Customs Enforcement (ICE), USCIS is part of the DHS. *See Organizational Chart*, Dep't of Homeland Sec., https://www.dhs.gov/organizational-chart (last viewed Oct. 30, 2026); *see also Operational and Support Components*, Dep't of Homeland Sec., https://www.dhs.gov/operational-and-support-components (last viewed Oct. 30, 2026) (describing USCIS as "the federal agency that oversees lawful immigration to the United States").

related infractions. (Doc. No. 7-1 at 3–4.) He does not have any felonies, crimes of violence, or any controlled-substances offenses. (*Id.*)

12. On October 1, 2026, Wilkens F. appeared at the ICE office in Grand Forks, North Dakota, to attend a scheduled appointment. (Pet. ¶ 33.)

13. At this appointment, Deportation Officer Corbit conducted a records check that revealed Wilkens F.'s September 6, 2026, arrest for driving under the influence and operating a motor vehicle in violation of a restricted license. (Doc. No. 7-1 at 2.) In that case, Wilkens F. pled not guilty to both charges, and the state released him on bond. (Pet. ¶ 25.) The charges remain pending, and a disposition conference is scheduled for December 17, 2026. (*Id.*)

14. Due to Wilkens F.'s pending Form I-360 and Form I-485 petitions, he was "given a new report date of November 4, 2026." (Doc. No. 7-1 at 2.)

15. Corbit noted that on November 1, 2026, he was "granted permission to arrest and detain [Wilkens F.] at his next report date on November 4, 2026."[4] (*Id.*)

16. There is no record that Respondents cancelled or revoked the order of release issued July 6, 2021. Thus, the Court finds that this order was not cancelled or revoked.

17. On November 4, 2026, Wilkens F. appeared at the ICE office in Grand Forks, North Dakota, to attend a scheduled appointment. (Pet. ¶ 33.)

18. At 9:15 a.m., while at his appointment, ICE officers took Wilkens F. into custody (Doc. No. 7-1 at 1 (stating the "Date/Hour" of "Apprehension" as 9:15 a.m.), and

[4] The record contains no evidence concerning what permission was granted, who granted permission, or what information was reviewed.

at some unknown time, an unknown officer served Wilkens F. with a Form I-200 administrative warrant (Doc. No. 7-2).

19. The Form I-200 was directed to "[a]ny immigration officer authorized pursuant to sections 236 and 287 of the [Immigration and Nationality Act (INA)] [i.e., 8 U.S.C. §§ 1226, 1357] and part 287 of title 8, Code of Federal Regulations, to serve warrants of arrest for immigration violations." (*Id.*) Thus, Respondents detained Wilkens F. pursuant to their authority under 8 U.S.C. § 1226.

20. The Form I-200 indicates that it was served 8:55 a.m. on November 4, 2026. (*Id.*) The form does not indicate who the serving officer is, although there is an illegible written mark where the serving officer should sign the form. (*Id.*)[5]

21. Wilkens F. was then transported to the Grand County Correctional Center in Grand Forks, North Dakota. On November 12, 2026, Respondents transferred Wilkens F. a detention facility in Appleton, Minnesota, where he currently remains. (Pet. ¶ 34.)

22. On November 13, 2026, Wilkens F. filed his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Pet.)

23. On November 16, 2026, the Court ordered Respondents to file a response to the Petition on or before 11:00 a.m. on November 18, 2026. (Doc. No. 3.) The Court expressly ordered that Respondents make an affirmative statement whether Respondents complied "with the Immigration and Nationality Act and accompanying regulations when

[5] Indeed, it appears that there are two different signatures on the same line, one on top of the other. The Form also includes the time of service written in blue ink, although the other entries regarding service are written in black ink. Respondents provide no explanation for these peculiarities or otherwise explain who signed the document and when it was served.

they took Petitioner into custody." (*Id.*)

24. Respondents timely filed a response. (Doc. No. 6.)

## DISCUSSION

In his Petition, Wilkens F. seeks immediate release, arguing that his detention violates the requirements of the INA and accompanying regulations, as well as the Fourth Amendment of the U.S. Constitution and the Due Process Clause of the Fifth Amendment. In response to the Petition, however, Respondents argue that their detention of Wilkens F. comports with the requirements of due process and the terms of 8 U.S.C. § 1225(b)(2). For the reasons set forth below, the Court grants the Petition.

### A. Right to Habeas Relief

A writ of habeas corpus may be granted to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3); *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (concluding that the Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States" (citing U.S. Const., Art. I, § 9, cl. 2)). For most of the nation's history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law." *Hamdi*, 542 U.S. at 525 (quotation omitted). The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus "extends to . . . immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citation omitted). The petitioner bears the burden of proving that his detention is illegal by a preponderance of evidence. *Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154 (D. Minn. 2025).

**B. Inapplicability of 8 U.S.C. § 1225**

It is an undisputed matter of fact that Respondents detained Wilkens F. pursuant to their discretionary authority under 8 U.S.C. § 1226. The Form I-200 warrant was directed to "[a]ny immigration officer authorized pursuant to sections 236 and 287 of the [INA] [i.e., 8 U.S.C. §§ 1226, 1357] and part 287 of title 8, Code of Federal Regulations, to serve warrants of arrest for immigration violations." (Doc. No. 7-2.) In response to the Petition, however, Respondents advance a different basis for the detention of Wilkens F.: 8 U.S.C. § 1225(b)(2)(A), as interpreted by *Avila v. Bondi*, 170 F.4th 1128, 1133–35 (8th Cir. 2026) (concluding that section 1225(b)(2) requires the mandatory detention of noncitizens, without any individualized determination and regardless of whether the noncitizen is encountered at the border at the time of entry or in the interior of the United States months, years, or decades after entry); *but see Lopez Garcia v. Guadian*, 190 F.4th 305, 335 (4th Cir. 2026) (observing that Respondents' interpretation permits "[m]ass detention of marginalized individuals without due process" and "harkens back to some of the darkest moments in our country's history," when the judiciary "abdicat[ed] of its obligation to protect basic freedoms" and citing similar holdings from the First, Second, Third, Sixth, Seventh, Ninth, Tenth, and Eleventh Circuits); *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1180 (9th Cir. 2026) (rejecting Respondents' "new interpretation" as inconsistent with "the assertedly unambiguous language of the statute" and because "it raises various textual and interpretive problems").

The Court concludes that Respondents cannot now change the basis for the detention of Wilkens F. He was detained under section 1226 alone, and Respondents

advance no legal argument to support the proposition that they can alter this fact through filing of their written responsive submissions. Thus, just as it is stated on the Form I-200 on which Wilkens F.'s detention is based, the Court concludes that the Respondents detained Wilkens F. pursuant to the framework of 8 U.S.C. § 1226. *See, e.g.*, *Martha C.G.P. v. Blanche*, No. 26-CV-2308 (DWF/JFD), 2026 WL 1329577, at *2 (D. Minn. May 13, 2026) (rejecting respondents' contention that petitioner was subject to mandatory detention under section 1225(b) where Form I-200 warrant served during petitioner's arrest represented that detention was pursuant to section 1226); *Hector J.A.S. v. Shea*, No. 26-CV-2242 (JRT/DLM), 2026 WL 1243500, at *2 (D. Minn. May 6, 2026) (same); *see also Espinoza Avalos*, No. 8:26-CV-0191, 2026 WL 1396593, at *1–3 (D. Neb. May 19, 2026).

### C. Violation of Applicable Regulatory and Statutory Requirements

Having determined that Respondents have detained Wilkens F. pursuant to 8 U.S.C. § 1226, the Court considers Wilkens F.'s argument whether he was brought into custody pursuant to a valid warrant or pursuant to an authorized warrantless detention.[6] Respondents devote only three lines of text in their 27-page response to Wilkens F.'s arguments challenging the validity of Respondents' detention procedures, and the three-line conclusory statement is accompanied by no additional explanation. (See Doc. No. 6 at 23.) For the reasons discussed below, the Court concludes that Wilkens F. was not brought into custody pursuant to a valid warrant or an authorized warrantless detention.

[6] Although the Court ordered Respondents to address whether the detention of Wilkens F. complied with the INA and accompanying regulations (Doc. No. 3), Respondents make no argument that they complied with 8 U.S.C. § 1357, 8 C.F.R. § 287.8, or § 236.1. Because the facts underlying these violations are not contested, the Court grants the Petition.

Under the INA and supporting regulations, agents may detain a non-citizen either on a valid warrant or in accordance with applicable warrantless detention procedures. 8 U.S.C. § 1357; 8 C.F.R. § 287.8(c)(2)(ii); *see also Venancio P.J. v. Blanche*, No. 26-CV2740 (ECT/JFD), 2026 WL 1862252, at *2 (D. Minn. June 29, 2026). DHS's "general procedures" for all "enforcement activities," including for the "conduct of arrests," requires that "[a] warrant of arrest shall be obtained except when the designated immigration officer has reason to believe that the person is likely to escape before a warrant can be obtained." 8 C.F.R. § 287.8(c)(2)(ii). Here, Respondents violated applicable regulatory and statutory requirements in the following six respects.

First, the warrant is invalid because the serving officer cannot be identified. A Form I-200 administrative warrant is to be "issued only by those immigration officers listed in [section] 287.5(e)(2) . . . and may be served only by those immigration officers listed in [section] 287.5(e)(3)." 8 C.F.R. § 236.1(b)(1). Thus, DHS may detain a noncitizen using Form I-200 only if the Form I-200 indicates who the issuing and the serving immigration officers are. *See* 8 U.S.C. § 1226(a); 8 C.F.R. § 236.1(b)(1); *Tanneh W.S. v. Blanche*, No. 26-CV-2775 (LMP/EMB), 2026 WL 1801140, at *3 (D. Minn. June 23, 2026) (holding that a Form I-200 warrant was valid when both the issuing and serving officers' information verified them as deportation officers). This is because only immigration officers are "authorized to issue warrants of arrest under the relevant regulation." *Fernando C.C. v. Bondi*, No. 26-CV-1235 (LMP/JFD), 2026 WL 446408, at *5 (D. Minn. Feb. 17, 2026). Here, Respondents did not establish that they satisfied the second requirement of 8 C.F.R. § 236.1(b)(1). Though the record presented establishes that the

Form I-200 warrant was issued by SDDO Plummer, Respondents do not identify who served the Form I-200, and the form itself includes an illegible signature. (*See* Doc. No. 7-2.) *Cf. Fernando C.C.*, 2026 WL 446408, at *5. Thus, Respondents violated 8 C.F.R. § 236.1(b)(1), and the warrant is invalid.

Second, Respondents did not comply with the requirements of section 287.8(c)(2)(iii). That regulation provides that, "[a]t the time of the arrest," the detaining officers must do the following two things: "(A) [i]dentify himself or herself as an immigration officer who is authorized to execute an arrest; and (B) [s]tate that the person is under arrest and the reason for the arrest." *Id.* § 287.8(c)(2)(iii). There is no evidence that any officer identified themselves to Wilkens F. or informed Wilkens F. of the reason for the arrest. With no evidence to rebut Wilkens F.'s recollection that officers neither identified themselves or provided the reason for his arrest, the Court concludes that Respondents violated the plain requirements of 8 C.F.R. § 287.8(c)(2)(iii).

Third, the warrant is invalid because of errors in the stated times of issuance and service. On the face of this Form I-200, someone handwrote the time of service as 8:55 a.m., which, if true, would have been twenty minutes before the stated time of apprehension. (*Compare* Doc. No. 7-2 (showing handwritten time of service as 8:55 a.m.) *with* Doc. No. 7-1 at 1 (stating time of apprehension as 9:15 a.m.).) Importantly, there is also no indication of what time the warrant was issued. Thus, the Court cannot determine

when the warrant was issued or when it was actually served. On this record, therefore, the warrant is invalid.

Fourth, the warrant is not valid because the removal proceedings had been administratively closed. The parties agree that the only basis for the Form I-200 is "the pendency of ongoing removal proceedings against the subject." (Doc. No. 7-2.) Absent any evidence that Respondents had moved to re-calendar or otherwise reopen the removal proceedings prior to issuing the warrant, however, this cannot constitute probable cause for detention, especially where, as here, Respondents had released Wilkens F. pending these removal proceedings.

Fifth, and relatedly, Respondents' detention of Wilkens F. violates applicable regulations requiring revocation or cancellation of the release order prior to taking someone into custody. Although it is not clear whether Wilkens F. had been released under an OSUP or an OREC, that distinction makes no difference because regulations concerning both types of release orders mandate a specific process that did not occur in this case. *Barco Mercado v. Francis*, No. 25-CV-6582 (LAK), 2025 WL 3295903, at *4 & n.22 (S.D.N.Y. Nov. 26, 2025) (noting that federal regulations set forth a "series of procedural protections" to lawfully detain a person previously ordered released and concluding respondents violated applicable federal regulations and the Due Process Clause when they re-detained petitioner without complying with 8 C.F.R. § 236); *see also, e.g.*, *Salazar v. Noem*, No. 26-CV-1040 (JMG/EMB), 2026 WL 381889, at *1 (D. Minn. Feb. 11, 2026) (collecting cases) (same). For instance, 8 C.F.R. §231.6(c)(9) requires cancellation of orders of release and permits only certain officials to cancel them. Failure to follow this regulation renders

invalid a warrant. *Aboubakry S. v. Blanche*, No. 0:26-CV-04668 (KMM/EMB), 2026 WL 3589840, at *4 (D. Minn. Nov. 23, 2026) (concluding that the revocation of the petitioner's OREC was unlawful and granting habeas petition because Respondents "did not comply with the procedures [the petitioner] was entitled to receive"); *Wilson T. v. Blanche*, No. CV 26-04331 (MJD/DLM), 2026 WL 3334192, at *3–4 (D. Minn. Nov. 4, 2026) (concluding that detention pursuant to a Form I-200 warrant was unlawful because of Respondents' failure to cancel the OREC); *Yandri F. E. v. Blanche*, No. 26-CV-3835 (LMP/DTS), 2026 WL 2676764, at *2 (D. Minn. Sept. 11, 2026) (same); *Mohammed A.A. v. Tadman*, No. 26-1734 (JWB/ECW), 2026 WL 712441, at *5 (D. Minn. Mar. 13, 2026) (same); *Salazar*, 2026 WL 381889 at *1 (same). Likewise, the provisions of 8 C.F.R. § 241 apply to revocation of a person's OSUP, and it is unlawful to detain someone without first following these requirements. *Roble v. Bondi*, No. 25-CV-3196 (LMP/LIB), 2025 WL 2443453, at *4 (D. Minn. Aug. 25, 2025); *Escalante v. Noem*, No. 9:25-CV-0182 (MJT), 2025 WL 2206113, at *3 (E.D. Tex. Aug. 2, 2025); *Nguyen v. Hyde*, No. 25-CV-11470 (MJJ), 2025 WL 1725791, at *3 n.2 (D. Mass June 20, 2025); *see also United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 265–68 (1954) (providing that executive branch agencies must comply with their own regulations).[7]

Sixth, and finally, under the INA, absent a valid warrant (as here), Respondents may take a person into custody if there is probable cause "to believe that the [noncitizen] so

[7] The Court is also persuaded by the analysis in *Barco Mercado* that re-detention absent a proper cancellation or revocation of the prior release order violates the Due Process Clause. The Court also grants the Petition on this independent basis as well

arrested is [1] in violation of any[] law or regulation [made in pursuance of law regulating the admission, exclusion, expulsion, or removal of noncitizens] and [2] is likely to escape before a warrant can be obtained for his arrest." 8 U.S.C. § 1357(a)(2); *see also* 8 C.F.R. § 287.8 (c)(2)(ii) (stating that a warrant "shall be obtained except when the designated immigration officer has reason to believe that the person is likely to escape before a warrant can be obtained"); *U.S. v. Diaz-Quintana*, 623 F.3d 1237, 1239 (8th Cir. 2010) (concluding that the phrase "reason to believe" in section 1357(a)(2) means "constitutionally required probable cause"). Here, Respondents make no argument whatsoever that officers satisfied either prong of section 1357(a). (*See* Doc. No. 6.) Absent any argument, the Court necessarily concludes that Respondents have not established that at the time they initiated the detention, officers had probable cause to believe Wilkens F. was likely to escape. In addition, and in contrast to the facts in *Quintana*, 623 F.3d at 1238, 1240–41, the record presented in this case establishes that Wilkens F. was instructed to attend a check-in appointment under false pretenses but nonetheless cooperated with detaining agents. Thus, the Court concludes that Respondents violated section 1357(a)(2).

For each of these independent reasons, the detention of Wilkens F. is unlawful and immediate release is the appropriate remedy. *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release."); *see also, e.g.*, *Felix Alberto J.M. v. Blanche*, No. 26-CV-2944 (LMP/DLM), 2026 WL 1906596, at *5 (D. Minn. July 2, 2026) (concluding Respondents' detention of petitioner was invalid warrantless detention and petitioner was entitled to remedy of release); *Venancio P.J.*, 2026 WL 1862252, at *3 (same); *Hector*

*J.A.S.*, 2026 WL 1243500, at *2 (ordering release of petitioner where respondents did not issue NTA until booking, well after taking the petitioner into custody); *Pina C.D.B. v. Bondi*, No. 26-CV-1929 (KMM/DJF), 2026 WL 810676, at *3 (D. Minn. Mar. 24, 2026) (concluding "immediate release is the proper remedy" when a person is taken into custody without a valid administrative warrant); *Jouquin C.S. v. Bondi*, No. 26-CV-1438 (DWF/DJF), 2026 WL 483256, at *2–3 (D. Minn. Feb. 20, 2026) (ordering release because the Form I-200 was invalid); *Claudio A.A. v. Bondi*, No. 26-CV-742 (KMM/LIB), 2026 WL 468232, at *7 (D. Minn. Feb. 12, 2026) (concluding that failure to provide a warrant before taking a person into pursuant to section § 1226(a) is a violation of due process rights and collecting cases), report and recommendation adopted, No. 26-CV-742 (KMM/LIB), 2026 WL 478347 (D. Minn. Feb. 18, 2026); *Carlos F.P.P v. Blanche*, No. 26-CV-3123 (JWB/JFD), 2026 WL 2824801, at *7 (D. Minn. Sep. 21, 2026) (ordering release after finding that respondents did not follow § 1357 requirements of warrantless detention and § 1225 did not "independently authorize continuation of [petitioner's] custody"). [8]

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the Petition (Doc. No. 1) is GRANTED as follows:

[8] Although the Court need not address the question whether Respondents' detention violates his due process rights under the Fifth Amendment, it nevertheless alternatively concludes that, on balance, the *Mathews v. Eldridge* due-process factors tip in his favor. Wilkens F. has a significant private interest at stake (i.e., his liberty, his detention in a carceral setting); the risk of erroneous deprivation through incarceration is needlessly high when available an inexpensive procedures protect against erroneous deprivations of liberty; and the federal government has very little interest in incarcerating individuals en masse who pose little or no risk of flight or danger to the community like Wilkens F., who, by

1. Respondents are ORDERED to release Petitioner Wilkens F. immediately, and in any event no later than 4:00 p.m. CT on November 25, 2026.

2. On or before 11:00 a.m. CT on November 30, 2026, counsel for Respondents shall file a letter affirming that they have released Petitioner Wilkens F.

3. On or before 11:00 a.m. CT on November 30, 2026, counsel for Respondents shall also file a declaration pursuant to 28 U.S.C. § 1746 by an individual with personal knowledge that states when and where the Petitioner was released, attaches any and all documentation concerning the Petitioner's release, and affirms with supporting documentation that all property of Petitioner was returned to Petitioner upon release (or, if property is retained, state which property is retained, the legal basis for its retention, and affirm that Respondents duly provided Petitioner with certified copies of any and all immigration-related documentation). Respondents must submit each of the following three forms to affirm return of Petitioner's property: I-77, I-216, and G-589. If Petitioner's property is lost, Respondents must also submit form I-387, "Report of Detainee's Missing Property." If Respondents cannot provide one or more of these forms, Respondents must address why they are unable to do so.

4. Petitioner Wilkens F. may move separately within 30 days of final judgment in this action to recover attorney's fees and costs under the Equal Access to Justice Act, 20 U.S.C. § 2412(d).

5. To the extent Petitioner Wilkens F. seeks additional relief, the Petition is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: November 24, 2026

/s/ *Jeffrey M. Bryan*
Judge Jeffrey M. Bryan
United States District Court

---

Respondents' own concession had no non-traffic-related criminal history and who had been conditionally paroled into the interior in 2024 upon a determination that he posed no such risks. Thus, Wilkens F.'s ongoing detention is also unlawful for this reason. *See, e.g.*, *R.M. v. Blanche*, No. 26-CV2283 (LMP/DLM), 2026 WL 1506306 (D. Minn. May 29, 2026) (concluding that detention without bond under 8 U.S.C. § 1225(b)(2) violated petitioner's rights to procedural due process and ordering a bond hearing); *Jesus Alejandro G.A. v. Blanche*, No. 26-CV-1932 (LMP/ECW), 2026 WL 1383138 (D. Minn. May 18, 2026) (same).